*Compiler of Law / Law Library*

FILED
SUPERIOR COURT
OF GUAM

2009 SEP 23 PM 2: 21

CLERK OF COURT

**IN THE SUPERIOR COURT
OF GUAM**

IN THE MATTER OF THE ESTATE OF, )     Probate Case No. PR0011-09
)
VICENTE MENO MESA AND )
ANA AGUON GARRIDO, )
)
            Deceased, )     **DECISION AND ORDER**
)     re: Motion to Bypass
PEDRO G. MESA and )
AMELIA MESA BORJA, )
)
            Petitioners. )

---

This matter came before the Honorable Judge Michael Bordallo on August 20, 2009. Petitioners was represented by Attorney Mark Smith. Greta M. Duenas was represented by Attorney John S. Unpingco. On May 28, 2009, the court conducted a hearing wherein the parties requested that they be allowed to bypass probating the estates of Vincente Meno Mesa and Ana Aguon Garrido. The court allowed the parties to brief the question and on August 20, 2009, conducted a hearing on the matter. Having heard the arguments of the parties and reviewed the matter, the court now issues the following Decision and Order denying the request to allow a bypass.

**BACKGROUND**

On February 6, 2009, Petitioner Pedro G. Mesa and Amelia Mesa Borja filed a Petition for Letters of Administration asserting their status as heirs and the intestate deaths of Vicente Meno Mesa on December 12, 1986 and Ana Aguon Garrido on August 13, 1998. Despite their inability to find a marriage certificate, Petitioners assert that the deceased were married and survived by 13 children. Petitioners assert that the deceased Vicente Meno Mesa, is an heir to the estate of the deceased Jose Pinaula Mesa, his father. Jose Pinaula Mesa was recently the recipient of a Quitclaim deed from the Ancestral Lands Commission;

property described as Lot No. 2057-1, Northern Portion, Barrigada, Guam. Petitioners assert that the surviving heirs have consented to their appointment and request that bond be waived.

## DISCUSSION

Greta M. Duenas requests that the court order that the survivors of the instant Estates, be ordered to receive their interest in the property Quitclaimed to Vicente Meno Mesa's father, Jose Pinaula Mesa. *Mem.* at 1. In support of this request Duenas cited Section 919(c) of Title 15 of the Guam Code. However, at the hearing Duenas indicated that the authority for the transfer arises out of Sections 903(b) and 905 of the Guam Code. Petitioners do not object to Duenas's request. *Objection* at 1.

Sections 903 and 905 of Title 15 provide,

§ 903. Distribution Where Decedent Leaves Surviving Spouse and Issue.

(a) If the decedent leaves a surviving spouse and only one child, or a surviving spouse and the lawful issue of only one deceased child, the decedent's separate estate goes one-half to such surviving spouse and one-half to such child or issue.
(b) In any of the following circumstances, the decedent's separate estate goes one-third (1/3) to the decedent's surviving spouse and the remainder in equal shares to the decedent's children and to the lawful issue of any deceased child, which issue shall take their portions by right of representation:
(1) If the decedent leaves a surviving spouse and more than one living child;
(2) If the decedent leaves a surviving spouse, one living child, and the lawful issue of one or more deceased children;
(3) If the decedent leaves a surviving spouse, more than one living child, and the lawful issue of one or more deceased children.
(c) If there is no child of the decedent living at the decedent's death, the remainder of the decedent's separate estate goes to all of the decedent's lineal descendants; if all such descendants are in the same degree of kindred to the decedent they share equally, otherwise they take by right of representation.

§ 905. Distribution Where Decedent Leaves Issue But No Surviving Spouse.

If the decedent leaves no surviving spouse, but leaves issue, the whole of the decedent's separate estate goes to such issue; and if all of the descendants are in the same degree of kindred to the decedent they share equally, otherwise they take by

right of representation.

15 Guam Code Ann. §§ 903(b) and 905 (2009).

These sections do not explain how this court has jurisdiction to hear an issue related to the distribution of a real property asset in another probate case; the Estate of Jose Pinaula Mesa, PR0015-05 and PR0145-04. Absent this court's retention of subject matter jurisdiction over this issue the court's order would have no force or effect. As it was explained by the Guam Supreme Court in 2008 the Superior Court, convening as a, "probate court has only those powers granted by the probate code as well as any legal or equitable powers necessary to exercise its function." *Zahnen v. Limtiaco*, 2008 Guam 5, ¶17 (Sup. Ct. Guam 2008). In 2007 the Supreme Court explained, "[t]he '[l]ack of jurisdiction in its most fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties .'" *Department of Agriculture v. Civil Service Com'n.*, 2007 Guam 21, ¶41 (Sup. Ct. Guam 2007)(citation omitted).

However, even if this court had jurisdiction to decide the issue, there is nothing in the Guam Statutes or the relevant case law which would support Duenas's request to bypass an heir. The critical date in determining the living heirs of a decedent is the decedent's date of death. It is not disputed that under the facts of this case, at the date of Jose Pinaula Mesa death, decedent Pedro G. Mesa was a living heir.

## CONCLUSION

For the reasons set fort above Duenas's request to bypass is denied. The matter is set for further proceedings on _Oct. 12,_ , _2009_ , at _9:00 a_ m, 2009.

SO ORDERED this _27_ day of September 2009.

Honorable Michael J. Bordallo
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the Clerk of the Superior Court of Guam.

SEP 2 3 2009